UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHY AND MARIAN ARMSTRONG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On August 3, 2022, Plaintiffs filed their Original Petition in Cause No. 108967 in the 40th District Court, Ellis County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant State Farm Lloyds.

3. Plaintiffs allege multiple causes of action against Defendant related to State Farm's handling of a property insurance claim submitted by Plaintiffs. Plaintiffs allege breach of contract; non-compliance with Chapter 541 of the Texas Insurance Code and Chapter 542 of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act; breach of the duty of good faith and fair dealing; and fraud. Plaintiffs further allege that Defendant's conduct was committed "knowingly" as that term is defined in under the Texas Insurance Code.

4. State Farm received the Citation and Plaintiffs' Original Petition via certified mail on or about August 12, 2022. <u>Exhibit D</u>. State Farm filed its Original Answer to Plaintiffs' Original Petition on September 1, 2022. <u>Exhibit E</u>.

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Ellis County state court in which this case was previously pending.

## II.   **GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.   **Complete Diversity Exists Between the Viable Parties.**

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Ellis County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

8. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of*

*Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen. Exhibit F.

9. Relying on Plaintiffs' pleaded facts without any admission as to their truth, Plaintiffs pleads that they are the named insureds under a State Farm homeowner's insurance policy. Exhibit C, at ¶ 7. Plaintiffs plead that they suffered damages to their residential property from a wind and/or hail storm that occurred when their property was insured by State Farm. *Id.* at ¶ 8. And Plaintiffs plead that they submitted an insurance claim to State Farm for this alleged damage. *Id.* at ¶ 9.

### B. The Amount in Controversy Exceeds $75,000.

10. Additionally, the damages pleaded by Plaintiff exceed $75,000. Plaintiffs plead that they are "seeking monetary relief in excess of $250,000." Exhibit C, at ¶ 52. Plaintiffs seek actual damages, attorney's fees, and extra-contractual damages including exemplary and punitive damages for "knowing" violations of the Texas Insurance Code and DTPA. *Id.* at ¶ 43-52. Under the Texas Insurance Code, treble damages may be awarded if the jury finds that a defendant's violations were committed knowingly. As such, a jury could award damages greater than $75,000 in this case; and therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

### III. VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 40th District Court, Ellis County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV. PROCEDURAL REQUIREMENTS

12. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiffs' Original Petition Filed on August 3, 2022 |
| D. | Citation on State Farm Lloyds received by certified mail on or about August 12, 2022 and return of serviced filed with the court on August 25, 2022 |
| E. | State Farm's Answer to Plaintiffs' Original Petition Filed on September 1, 2022 |
| F. | Affidavit of Tamara Jacquot |
| G. | List of Counsel of Record |

13. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 40th District Court, Ellis County, Texas promptly after filing of same.

## V. CONCLUSION

17. State Farm respectfully requests that the above-captioned action now pending in the 40th District Court, Ellis County, Texas, be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
SAMUEL T. SCOTT JR.
State Bar No. 24117031
sam.scott@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on September 6, 2022.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND