IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHY AND MARIAN ARMSTRONG, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:22-cv-01974-M |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is State Farm Lloyds' Motion for Summary Judgment.  ECF No. 12. The Motion is **GRANTED IN PART**.  The balance of the case is **STAYED** pending resolution of *Rodriguez v. Safeco Ins. Co. of Indiana*, 73 F.4th 352 (5th Cir. 2023) (certified question accepted on July 21, 2023, in Case No. 23-0534 (Tex. 2023)).  The Scheduling Order is **VACATED**.  ECF No. 7.

### I. Factual Matters

The following facts are undisputed and supported by the summary judgment evidence, to which neither party has objected.  ECF Nos. 14, 16.

On April 29, 2020, wind and hail damaged Kathy and Marian Armstrong's property.  On June 8, 2020, the Armstrongs submitted a claim for damages.  One week later, after inspecting the property, State Farm provided to the Armstrongs a repair estimate that did not exceed the policy deductible, so State Farm concluded it owed nothing to the Armstrongs.  A second inspection followed, with the same result.  A third inspection, this time with a public adjuster, also resulted in the estimate falling below the deductible.

On January 4, 2021, the Armstrongs' counsel sent a notice to State Farm, alleging unfair and deceptive practices and violations of the Texas Insurance Code, and seeking $100,827.51. Two weeks later, State Farm responded, maintaining its prior position, but exercising its statutory right to request an additional inspection of the property. After that inspection, State Farm provided to the Armstrongs' counsel a revised estimate, but it still fell below the deductible.

On March 8, 2021, the Armstrongs' counsel sent State Farm a demand under the policy for an appraisal. The policy allows each party to "select a competent, disinterested appraiser," after which the appraisers will "attempt to set the amount of the loss," and then report to the parties. ECF No. 14 at 177–78. On July 17, 2021, the appraisers determined the loss to be $18,872 on a replacement cost basis. Five days later, State Farm notified the Armstrongs' counsel it would pay the appraisal award less certain minor amounts of $217.48 plus depreciation ($8,150.90), and the deductible ($2,690), for a net of $7,813.62. State Farm issued payment of the net amount that day. Later that year, the depreciation issue was resolved in the Armstrongs' favor and State Farm paid an additional $8,150.90 to the Armstrongs.

On August 3, 2022, the Armstrongs sued State Farm in state court, asserting claims for breach of contract, violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. On September 6, 2022, State Farm removed the case. ECF No. 1. On May 16, 2023, State Farm sent to the Armstrongs an interest payment of $1,141.17 and paid the additional amount of $217.48. On July 6, 2023, State Farm moved for summary judgment.

## II.  Legal Standard

A court must grant summary judgment when the evidence, viewed in the light most favorable to the nonmovant, shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists if evidence shows that "a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant has the initial burden to provide the basis for the summary judgment motion by citing to the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this initial burden, the nonmovant must "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue." *Id*. at 324 (internal quotations omitted). If the nonmovant fails to do so, the movant is entitled to summary judgment. *Id*. at 331.

## III.  Analysis

### A.  Breach of Contract

Under Texas law, a claim for breach of contract requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). The Armstrongs argue State Farm breached the insurance policy by withholding statutory interest for 663 days and never paying their attorneys' fees. The policy does not provide for interest or attorneys' fees, so those items cannot support a breach of contract claim.

The Armstrongs cite as support for their position *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264, 267–68 (5th Cir. 2021), but that case undermines their argument.  In *Randel*, the Fifth Circuit held that "the insurer's payment of the award bars the insured's breach of contract claim premised on a failure to pay the amount of the covered loss." *Id*. at 267 (quoting *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019); *see also Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012).  Neither party disputes that the Armstrongs accepted payment of the appraisal award.  This bars their breach of contract claim.

### B.  Extracontractual Claims

Under the Texas Insurance Code, an insured may bring an action against an insurer that commits "an unfair or deceptive act or practice in the business of insurance" that causes damages to another.  Tex. Ins. Code § 541.151: *Jeffrey Roeder, v. Allstate Vehicle and Prop. Ins. Co.*, 2023 WL 5985240, at *4 (S.D. Tex. Sept. 14, 2023) (Rosenthal, J.).  The Texas Supreme Court recently held that "the insurer's payment of the [appraisal] award bars the insured's . . . common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019).  An insured may recover damages caused by a statutory violation "only if the damages are truly independent of the insured's right to receive policy benefits," and not "predicated on [the loss] being covered under the insurance policy." *Meisenheimer v. Safeco Ins. Co. of Indiana*, 2018 WL 3869573, at *3 (N.D. Tex. Aug. 15, 2018) (Lynn, J.) (citing *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018) (further quotation omitted)).  The Armstrongs' alleged injuries all flow from the denial of the claim for policy benefits.  As a matter of law, their

claimed injuries are not independent of their claims under the policy, so that summary judgment on such extra-contractual claims must be granted.

The Armstrongs' defense of their Deceptive Trade Practices Act claim relies entirely on their arguments supporting their Texas Insurance Code claim, which fails for the same reasons that the DTPA claim fails. The Armstrongs did not respond to State Farm's arguments for summary judgment on their claims for breach of the duty of good faith and fair dealing and fraud. Timely and full payment of an appraisal award precludes these claims. *See Braden v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:18-CV-00592-O, 2019 WL 201942, at *5–6 (N.D. Tex. Jan. 15, 2019); *Losciale v. State Farm Lloyds*, No. CV 4-17-0016, 2017 WL 3008642, at *2 (S.D. Tex. July 14, 2017); *McEntyre v. State Farm Lloyds, Inc.*, No. 4:15-CV-00213, 2016 WL 6071598, at *6 (E.D. Tex. Oct. 17, 2016) ("Because Plaintiffs' breach of contract claim fails, their extra-contractual claims for fraud, bad faith violations under the DTPA and the Texas Insurance Code also fail."); *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 620 (S.D. Tex. 2015), aff'd, 624 F. App'x 225 (5th Cir. 2015)

### C. Texas Prompt Payment of Claims Act

State Farm moves for summary judgment on the Armstrongs' claim for alleged violations of the Texas Prompt Payment of Claims Act. The Fifth Circuit recently certified the following question to the Texas Supreme Court: "In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?" *Rodriguez v. Safeco Ins. Co. of Indiana*, 73 F.4th 352, 356 (5th Cir. 2023). The court, in certifying the question, noted that federal courts are split on this issue, citing to several cases relied upon by State Farm and the Armstrongs. Therefore, this Court will await the Circuit's resolution of the certified question.

**IV.     Conclusion**

State Farm's Motion for Summary Judgment is **GRANTED IN PART** on all of Plaintiffs' claims other than the Texas Prompt Payment of Claims Act claim.  As to that claim, the case is **STAYED** pending resolution of *Rodriguez v. Safeco Ins. Co.*, *supra*.  The Scheduling Order is **VACATED**.

**SO ORDERED**.

November 13, 2023.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE